UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN L. PETEREC-TOLINO,                         08-CV-0891 (RMB) (KNF)

                              Plaintiff,

                 against -

COMMERCIAL ELECTRICAL CONTRACTORS,
INC.,

                            Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/12

## SO-ORDERED SETTLEMENT AND RELEASE AGREEMENT

      This So-Ordered Settlement and Release Agreement (the "Agreement") is made and entered into by and between John Peterec Tolino ("Peterec Tolino"), on the one hand, and Commercial Electrical Contractors (of New York), Inc. ("CECNY" or the "Company"), its parents, divisions, affiliates, subsidiaries and related entities and their respective individual owners, officers, directors, trustees, members, shareholders, instructors, consultants, employees, attorneys and/or agents, on the other hand, for a final and complete resolution of any and all matters arising out of or relating in any way to Peterec Tolino's employment with the Company.

      WHEREAS, Peterec Tolino was employed by the Company beginning on or about May 17, 2006, through on or about July 7, 2006; and

      WHEREAS, Peterec Tolino has commenced an action in the United States District Court for the Southern District of New York entitled John L. Peterec-Tolino v. Commercial Electrical Contractors, Inc., 08-CV-0891 (RMB) (KNF) (the "Action"), in which Peterec Tolino alleges, among other things, that he suffered discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA"); and

      WHEREAS, the Company expressly denies (a) the material allegations in the Action and (b) having committed, or in any way being responsible for, any wrongful, improper or injurious conduct with respect to Peterec Tolino; and

      WHEREAS, the Company nevertheless desires to resolve and settle fully and finally any and all actual or potential claims Peterec Tolino had, has or may have against the Company solely to avoid the costs and inconvenience of legal proceedings and for no other reason; and

      WHEREAS, Peterec Tolino and the Company have mutually agree that the terms of this Agreement shall supersede and replace all terms and conditions of any other agreement(s) by, between and/or among the parties, whether written, oral or otherwise;

NOW, THEREFORE, in consideration of the premises, mutual promises, terms and conditions contained herein, the receipt and sufficiency of which each of the parties hereby acknowledges, it is agreed by and between Peterec Tolino and the Company as follows:

1. <u>Termination of Employment</u>: CECNY and Peterec Tolino agree that (a) Peterec Tolino's employment with the Company terminated as of July 7, 2006; (b) as more filly set forth in paragraph 5 below, Peterec Tolino shall never hereafter seek or accept further employment with the Company; and (c) CECNY shall cause a letter to be issued to the Employment Department of the Joint Industry Board of the Electrical Industry ("JIBEI") requesting that the "Employment Termination Report" previously issued on July 7, 2006, be modified to state that although Peterec Tolino shall not be returned to work at CECNY, his employment was terminated pursuant to a "reduction in force" or "lay off" and not for the reasons previously stated therein.

2. <u>Settlement Consideration</u>:

    a.  In consideration of Peterec Tolino's obligations set forth in this Agreement, including but not limited to his undertakings with respect to the Action and his consent to the Release set forth in paragraph 5(a) below, within two weeks of the effective date of this Agreement and the so-ordering of the Stipulation of Dismissal with Prejudice annexed hereto as Exhibit A, the Company shall render payment to Peterec Tolino in the amount of twenty-five thousand dollars ($25,000.00), as follows: (i) a lump-sum payment of ten thousand dollars ($10,000.00) for the pain and suffering he allegedly endured, for which an IRS Form 1099 will be issued to Peterec Tolino and (ii) a payroll payment of fifteen thousand dollars ($15,000.00) for lost wages, less any and all deductions required by federal, state and local law, as well as any operative collective bargaining agreement, for which an IRS Form W-2 will be issued to Peterec Tolino.

    b.  Notwithstanding any of the foregoing, the Company makes no representation to Peterec Tolino concerning the tax consequences of the Settlement Amount. Peterec Tolino acknowledges and agrees that he and he alone is and shall be responsible for the payment and satisfaction of any and all federal, state or local tax liabilities which are or may become due with respect to the Settlement Amount, and that he shall indemnify and hold harmless the Company from any and all liability, cost or expense (including without limitation any interest, fine or penalty) that may be incurred or imposed with respect to the Settlement Amount as a result of claims by any such taxing authority or any other person or entity, including without limitation Peterec Tolino's creditors, and that the Company shall have no liability or obligations with respect to any encumbrances or liens on, or claims by any third party to any portion of, the Settlement Amount.

    c.  Peterec Tolino expressly understands and acknowledges that it is possible that

2

       unknown losses or claims exist or that present losses may have been underestimated in amount or severity, and Peterec Tolino explicitly took that into account in determining the amount of consideration to be paid pursuant to this Agreement, and a portion of said consideration and the mutual covenants contained herein, having been bargained for between the parties with the knowledge of the possibility of such unknown claims, were given in exchange for a full satisfaction and discharge of all such claims.

   d.   Peterec Tolino hereby acknowledges that the Settlement Amount represents the final balance of any and all payments, contributions and consideration of any kind that may be due and owing to Petrec Tolino based on his former employment with the Company, or the terms of any agreement(s) that may exist by, between and/or among the parties, whether written or oral, implied or in fact, all of which agreements are deemed null and void and of no further consequence.

      3.  <u>Full Discharge of Obligations</u>: Peterec Tolino understands and agrees that he is not entitled to, and shall not receive, any payments, interests, rights or benefits of any kind from the Company other than those expressly set forth herein. In addition, Peterec Tolino understands and agrees that as of his date of termination has not accrued any further benefits under any of the Company's applicable benefit plans, programs or compensation arrangements.

      4.  <u>No Re-Employment</u>: Peterec Tolino hereby acknowledges and agrees that notwithstanding his membership in any collective bargaining unit or his affiliation with any union: (a) his employment with the Company terminated as of July 7, 2006; (b) he waives any right to employment or reinstatement with the Company, or any Releasee defined hereinbelow, at any point in time in the future; (c) he personally will not seek employment or reinstatement with the Company, or any Releasee defined hereinbelow, at any point in time in the future; and (d) the existence of this paragraph 4 shall be a valid, legal, non-discriminatory basis for (i) rejecting any application of Peterec Tolino for employment or reinstatement with the Company, or any Releasee defined hereinbelow, (ii) refusing any assignment of Peterec Tolino for employment with the Company, or any Releasee defined hereinbelow, or, (iii) in the event Peterec Tolino somehow obtains such employment notwithstanding this paragraph 4 to the contrary, summarily terminating such employment without further cause or process. Nothing in this paragraph 4 will prohibit or prevent Peterec Tolino from seeking or receiving work assignments from the JIBEI, nor the JIBEI from providing same.

   5.  <u>Mutual Releases</u>:

(a) <u>By Peterec Tolino</u>. As a material inducement to the Company to enter into this Agreement and to provide Peterec Tolino the payments and benefits described above, Peterec Tolino forever releases and discharges (a) the Company, and any owner, member, director, shareholder, partner, representative, attorney, agent, parent, division, subsidiary, affiliate, corporate officer, executive, employee, or predecessor or successor thereof – and specifically, Ciro Lupo and Steven London -- (collectively, the "Releasees"), from any and all charges,

complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, third-party liens and expenses (including without limitation attorneys' fees and costs actually incurred) of any nature whatsoever, in law or equity, known or unknown, suspected or unsuspected, that Peterec Tolino, his issue, heirs, representatives, successors, agents, executors, administrators, or assigns, ever had from the beginning of time, now has or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever, through the date that Peterec Tolino executes this Agreement, including but not limited to any claims arising out of or relating in any way to his employment by the Company or any of the Releasees and the cessation of such employment, or any claim that was or could have been asserted in the Action, including any claims for unpaid wages, unemployment benefits, back pay, commissions, bonuses, incentive pay, benefit contributions, vacation pay, legal fees, tax contributions, indemnification, severance or other compensation, or any claims arising under any contracts, express or implied, or any covenant of good faith and fair dealing, express or implied, or any tort (intentional or unintentional), including without limitation intentional infliction of emotional distress, defamation, fraud and breach of duty, any torts relating to personal injury, including without limitation any injury known or unknown, suspected or unsuspected relating to alleged exposure to any toxic, chemical, or harmful substance, including without limitation mold, while employed with the Company, or any legal restrictions on the Company's right to terminate employees, and any federal, state or other governmental statute, regulation, or ordinance, including without limitation: the U.S. Constitution, the National Labor Relations Act of 1935, the Fair Labor Standards Act of 1938, the Management Relations Act of 1947, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Americans With Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Employee Retirement Income Security Act of 1974, the Equal Pay Act, the Rehabilitation Act of 1973, the Sarbanes-Oxley Act of 2002, New York State Labor Laws, the New York State and New York City Human Rights Laws, the New York Constitution, each as amended, or under any policy, agreement, contract, understanding or promise, written or oral, formal or informal, between Peterec Tolino and the Company or any of the Releasees, and any other federal, state or local civil, human rights, bias, retaliation, whistleblower, discrimination, wage-hour or any other federal, state or local law, regulation or ordinance, or common law.

(b) <u>By the Company</u>. As a material inducement to Peterec Tolino to enter into this Agreement, the Company forever releases and discharges Peterec Tolino, his issue, heirs, representatives, successors, agents, executors, administrators and assigns from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, expenses or repayments (including attorneys' fees and costs actually incurred) of any nature whatsoever, in law or equity ("Claims"), known or unknown, suspected or unsuspected, that the Company from the beginning of time ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever, through the date that the Company executes this Agreement, including but not limited to, any claims arising out of or relating in any way to Peterec Tolino's employment by the Company and the cessation of such employment or any costs or sanctions associated with any prior action, proceeding, or appeal previously commenced by Peterec Tolino involving the Company, including any appellate costs awarded to the

4

Company by the New York State Supreme Court, Appellate Division, Second Department.

~~6. Return of Company Property: Peterec Tolino hereby represents that he has returned to the Company all Confidential Information, files, memoranda and records, cardkey passes, door and file keys, computer access codes, software and other property, which he received, acquired or prepared in connection with his employment with the Company, and Peterec Tolino shall not retain any copies, duplicates, reproductions or excerpts thereof.~~

7. <u>Neutral Reference</u>: The Company agrees to respond to employment inquiries or other inquiries concerning Peterec Tolino's employment with the Company by only informing those persons or entities requesting such information that the Company's policy only allows it to confirm the following information for all former employees: the dates of employment and position with the Company; such information will then be provided to the person or entity requesting the information.

8. <u>Rule of Ambiguities</u>: It is agreed and understood that the general rule that ambiguities are to be construed against the drafter shall not apply to this Agreement. In the event that any language in this Agreement is found or claimed to be ambiguous, each party shall have the same opportunity to present evidence as to the actual intent of the parties with respect to any such ambiguous language without any inference or presumption being drawn against the drafter. In the event that one or more of the provisions of this Agreement shall become invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not be affected thereby.

9. <u>Non-Admission of Liability</u>: This Agreement is not, and shall not in any way be construed as, an admission by the Company or any of the Releasees, individually or collectively, that any of them acted wrongfully with respect to Peterec Tolino or any other person, or that Peterec Tolino has any rights whatsoever against the Company or the Releasees except as set forth herein, and the Company and the Releasees specifically disclaim any liability to, or wrongful acts against, Peterec Tolino or any other person.

10. <u>Representation</u>: Peterec Tolino acknowledges that he was advised by the Company to consult with an attorney of his own choosing concerning the waivers contained in this Agreement, that he has, in fact, done so, and that the waivers Peterec Tolino has made herein are knowing, conscious, voluntary and with full appreciation that Peterec Tolino is forever foreclosed from pursuing any of the rights so waived.

11. <u>No Modification</u>: No waiver or modification of this Agreement or any term hereof shall be binding unless it is in writing and signed by the parties hereto or their expressly authorized representatives.

12. <u>Choice of Law</u>: This Agreement, and any and all claims arising out of or relating in any way to this Agreement, shall be construed in accordance with the laws of the State of New York and Peterec Tolino agrees to submit to the exclusive jurisdiction of the state and/or federal courts located within New York City for the resolution of any dispute which may arise

hereunder. Statutory interest shall be awarded with respect to any judgment obtained for breach of this Agreement.

13. <u>No Prevailing Party</u>: Peterec Tolino specifically acknowledges and agrees that he is not entitled to any award of attorneys' fees, costs or expenses, and that Peterec Tolino is not a "prevailing party," under the Civil Rights Attorney's Fees Awards Act of 1976, as amended, or any other federal, state, local or other statute, order, law, ordinance, regulation or the like, or under or with respect to all statutes, orders, laws, ordinances, regulations or the like, or case law, referred to in Paragraph 5(a) of this Agreement.

14. <u>Entire Agreement</u>: This Agreement, including Exhibit A attached hereto, which is incorporated herein by reference, sets forth the entire agreement between the parties hereto, and fully supersedes and replaces any and all prior agreement(s) or understandings (whether oral or written) between the parties hereto, all of which are deemed null and void. Peterec Tolino acknowledges and agrees that in signing this Agreement he has not relied upon any representation, promise or inducement that is not expressly set forth in this Agreement.

15. <u>Counterparts</u>: This Agreement may be executed simultaneously in two or more counterparts and via facsimile, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

16. <u>Headings</u>: Paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of the Agreement.

17. <u>Revocation Period</u>: Peterec Tolino shall have a period of twenty-one (21) days from the date on which a copy of this Agreement has been delivered to him to consider whether to execute it. Peterec Tolino may voluntarily waive that twenty-one-day consideration period (or any portion thereof) by executing the Agreement prior to its expiration. In addition, in the event that Peterec Tolino elects to sign and return to the Company a copy of this Agreement, he has a period of seven (7) days (the "Revocation Period") following the date of such return to revoke this Agreement, which revocation must be in writing and delivered to Parisis G. Filippatos, Esq., Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, 21st Floor, New York, NY 10019, within the Revocation Period. If no such revocation occurs, the Release and this Agreement shall become effective on the eighth (8th) day following Peterec Tolino's execution of this Agreement (the "Effective Date") but no earlier. Peterec Tolino acknowledges and agrees that, in the event that he revokes this Agreement, it shall have no force or effect, and he shall have no right to receive any of the payments or benefits provided for hereunder.

18. <u>Acknowledgement of Breach as Contempt</u>: The parties acknowledge that this Agreement is being so-ordered by the Court and that any willful breach of a material term thereof may constitute contumacious conduct that is punishable by the Court upon a proper application.

19. <u>Voluntary Execution</u>: Peterec Tolino hereby acknowledges that he has read and that he understands the foregoing Agreement, that he has consulted with his attorney about the provisions thereof, and that he has affixed his signature hereto voluntarily and without coercion.

**PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Executed, this 25th day of October, 2012

_/s/ John L. Peterec-Tolino_
JOHN L. PETEREC TOLINO

Executed, this ___ day of _____, 2012

COMMERCIAL ELECTRICAL CONTRACTORS, INC.

By: _____
CIRO J. LUPO, PRESIDENT

SO ORDERED:

_____          _____
Hon. Richard M. Berman, U.S.D.J.                              Date

7

19. <u>Voluntary Execution</u>: Peterec Tolino hereby acknowledges that he has read and that he understands the foregoing Agreement, that he has consulted with his attorney about the provisions thereof, and that he has affixed his signature hereto voluntarily and without coercion.

**PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Executed, this 25th day of October, 2012

_____
JOHN L. PETEREC TOLINO

Executed, this ____ day of _____, 2012

COMMERCIAL ELECTRICAL CONTRACTORS, INC.

By: _____
CIRO J. LUPO, PRESIDENT

SO ORDERED:

_____
Hon. Richard M. Berman, U.S.D.J.

11/15/12
Date

7

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN L. PETEREC-TOLINO,                        08-CV-0891 (RMB) (KNF)

                Plaintiff,

    against -

COMMERCIAL ELECTRICAL CONTRACTORS,
INC.,
                                    STIPULATION OF DISMISSAL
                                    WITH PREJUDICE

               Defendants.
-----------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by and between John L. Peterec Tolino, Plaintiff *Pro Se*, and Kasowitz, Benson, Torres & Friedman LLP, counsel to Commercial Electrical Contractors, Inc., that this action, including without limitation all causes of action that were or could have been set forth therein, is hereby dismissed with prejudice and without costs to any party.

                                                            KASOWITZ, BENSON, TORRES
                                                             & FRIEDMAN LLP

By: _____*[signature]*_____              By: _____
John L. Peterec Tolino                         Parisis G. Filippatos, Esq.
14 Straight Path                                  1633 Broadway
Rock Hill, New York 12775                New York, New York 10019
Plaintiff *Pro Se*                                      Attorneys for Defendants

SO ORDERED:

_____*RMB*_____                                       _____11/15/12_____
Hon. Richard M. Berman, U.S.D.J.          Date